IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT AARON DAVIS,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**<br><br>Case No. 1:15-cr-00052-DN<br><br>District Judge David Nuffer |

Defendant Robert Aaron Davis seeks compassionate release ("Motion") based on his risk of serious illness or death if he contracts COVID-19.[1] The government and the United States Probation Office oppose Mr. Davis's Motion.[2] Because Mr. Davis fails to demonstrate extraordinary and compelling reasons to warrant compassionate release, and the relevant factors of 18 U.S.C. § 3553(a) do not support granting him compassionate release, his Motion[3] is DENIED.

## DISCUSSION

### Mr. Davis's Motion is procedurally proper

"The First Step Act . . . modified 18 U.S.C. § 3582(c) to allow a defendant federal prisoner to file [a] motion [for compassionate release or a sentence modification] with the court

---

[1] Motion to Reduce Sentence Pursuant 18 U.S.C. § 3582(c)(1)(A)(i) (Compassionate Release) ("Motion"), docket no. 62, filed Feb. 11, 2021.

[2] United States' Opposition to Defendant's Emergency Motion for Compassionate Release and Reduction of Sentence Under 18 U.S.C. § 3582(c)(1)(A)(i) ("Response"), docket no. 68, filed June 4, 2021; First Step Act Relief Recommendation ("Recommendation"), docket no. 67-3, filed under seal July 7, 2021. The deadline for Mr. Davis to file a reply memorandum was June 18, 2021. Order Taking Under Advisement Motion for Compassionate Release, docket no. 65, filed May 27, 2021. To date, Mr. Davis has not filed a reply memorandum. Regardless, a reply memorandum would not change the determination on Mr. Davis's Motion.

[3] Docket no. 62, filed Feb. 11, 2021.

him or herself."[4] However, to file such a motion, a defendant must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons [("BOP")] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[5]

Mr. Davis submitted a request for relief under the First Step Act to the warden at FCI Englewood on December 18, 2019.[6] He filed his Motion approximately 14 months later on February 11, 2021. Therefore, Mr. Davis's Motion is procedurally proper, and its merits may be addressed.[7]

## Mr. Davis is not entitled to compassionate release

Under the plain language of 18 U.S.C. § 3582(c)(1)(A)(i), a motion for compassionate release may be granted only if three requirements are met: (1) extraordinary and compelling reasons warrant relief; (2) relief is consistent with applicable policy statements issued by the United States Sentencing Commission ("USSC"); and (3) the district court considers the factors set for in 18 U.S.C.§ 3553(a), to the extent that they are applicable.[8]

**Mr. Davis fails to demonstrate extraordinary and compelling reasons to warrant compassionate release**

District courts "possess the authority to determine for themselves what constitutes 'extraordinary and compelling reasons,'" to warrant compassionate release.[9] However, this

---

[4] *United States v. Williams*, No. 2:17-cr-00417-DAK, 2020 WL 806026, *1 (D. Utah Feb. 18, 2020) (citing 18 U.S.C. § 3582(c)(1)(A); *United States v. Willis*, 382 F. Supp. 3d 1185, 1187 (D. N.M. 2019)).

[5] 18 U.S.C. § 3582(c)(1)(A) (emphasis added).

[6] Motion at 5.

[7] 18 U.S.C. § 3582(c)(1)(A).

[8] *United States v. Maumau*, 993 F.3d 821, 831 (10th Cir. 2021).

[9] *Id*. at 832.

discretion is "bounded by the requirement . . . that a reduction in sentence be consistent with applicable policy statements issued by the [USSC]."[10]

Mr. Davis argues that his risk of suffering serious illness or death if he contracts COVID-19.[11] Mr. Davis's argument lacks merit.

Mr. Davis is 47 years old[12] and suffers from high blood pressure, asthma, hypertension, cardiac ablation, and gastral intestinal reflux disease.[13] Mr. Davis's health conditions do not rise to the level of imminent death and do not prevent him self-care while in prison. However, his health conditions do place him in the high-risk category of suffering serious illness or death from COVID-19.[14] Nevertheless, Mr. Davis's BOP Medical Records reflect that he contracted COVID-19 in November or December 2020 (approximately 3 months prior to filing his Motion), and fully recovered.[15] And Mr. Davis has since received both doses of the Moderna COVID-19 vaccine.[16]

Current CDC guidance states that COVID-19 vaccines are effective at protecting individuals from getting sick, and that fully vaccinated individuals can resume activities without wearing a mask or social distancing.[17] There is also only the potential that Mr. Davis may again contract COVID-19 despite being fully vaccinated. This potential exists whether Mr. Davis

---

[10] *Id*. The USSC has defined "extraordinary and compelling reasons" to include serious medical conditions, the defendant's age, and certain family circumstances. U.S.S.G. 1B1.13. However, this policy statement is not applicable to Mr. Davis's Motion. *Maumau*, 993 F.3d at 837.

[11] Motion at 8-16.

[12] First Step Act Relief Eligibility Report ("Report") at 2, docket no. 67, filed under seal June 3, 2021.

[13] Motion at 1, 5; BOP Medical Records, docket no. 68-3, filed June 4. 2021.

[14] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited July 7, 2021).

[15] BOP Medical Records at 7, 16-33.

[16] *Id*. at 10.

[17] https://www.cdc.gov/coronavirus/2019-ncov/vaccines/fully-vaccinated.html (last visited June 21, 2021).

remains in custody or is granted compassionate release. On this record, Mr. Davis fails to demonstrate extraordinary and compelling reasons to warrant compassionate release.

**The relevant factor of 18 U.S.C. § 3553(a) do not support granting compassionate release**

Even if Mr. Davis had demonstrated extraordinary and compelling reasons to warrant compassionate release, the relevant factors of 18 U.S.C. § 3553(a) do not support granting him compassionate release. Mr. Davis was convicted of one count of Possession of Child Pornography.[18] The offense conduct involved his possession of over 900 sexually explicit images of prepubescent minors.[19] The images were discovered by law enforcement during investigation of Mr. Davis having inappropriate interactions with minors over the internet.[20] At the time of the offense, Mr. Davis was a registered sex offender and had prior conviction for Attempted Enticement of a Minor over the Internet.[21]

Mr. Davis's guideline range of imprisonment was 97 to 121 months.[22] He was sentenced to 120 months,[23] which was the minimum mandatory sentence for the offense.[24] He was also sentenced to a 240-month term of supervised release.[25] Mr. Davis has served approximately 68 months (~57%) of his prison term and has a projected release date of March 7, 2024.[26]

Considering and balancing the relevant factors of 18 U.S.C. § 3553(a), the serious nature and circumstances of Mr. Davis's offense, the appropriateness of the original 120-month

---

[18] Judgment in a Criminal Case ("Judgment") at 1, docket no. 46, filed Mar. 6, 2017.

[19] Presentence Investigation Report ¶¶ 5-9 at 3-4, docket no. 67-1, filed under seal June 3, 2021.

[20] *Id*.

[21] *Id*. ¶ 29 at 5.

[22] *Id*. ¶ 70 at 11.

[23] Judgment at 2.

[24] Presentence Investigation Report ¶ 69 at 11.

[25] Judgment at 3.

[26] Report ¶ 2 at 3.

sentence, and the need to protect the public from further crimes weigh heavily against granting compassionate release. Therefore, the relevant factors of 18 U.S.C. § 3553(a) do not support granting Mr. Davis compassionate release.

## ORDER

THEREFORE, IT IS HEREBY ORDERED that Mr. Davis's Motion[27] is DENIED.

Signed July 7, 2021.

BY THE COURT

*David Nuffer*
David Nuffer
United States District Judge

---

[27] Docket no. 62, filed Feb. 11, 2021.