THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT AARON DAVIS,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE MOTION TO MODIFY OR TERMINATE SUPERVISED RELEASE CONDITIONS**<br><br>Case No. 1:15-cr-0052-DN<br><br>District Judge David Nuffer |

Defendant Robert Aaron Davis seeks to terminate the conditions of his supervised release under 18 U.S.C. § 3583(e)(2) and FED. R. CRIM. P. 32.1(c).[1] He argues that imposing supervised release in addition to his sentence of imprisonment is an unconstitutional violation of the Fifth Amendment's Double Jeopardy Clause.[2] Because § 3583(e)(2) and Rule 32.1(c) are not proper procedural mechanisms to challenge the legality of Defendant's sentence, his Motion[3] is DENIED without prejudice.

## DISCUSSION

Section 3583(e)(2) gives the district court authority to "modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release" after consideration of the relevant factors of 18 U.S.C. § 3553(a).[4] But Defendant is not seeking modification or reduction of the conditions of his supervised release.

---

[1] Motion to Modify or Terminate Supervised Release Conditions as Unconstitutional as Applied Pursuant to 18 U.S.C. § 3583(e)(2) and Fed. R. Crim. P. 32.1(c) ("Motion"), docket no. 70, filed Dec. 2, 2022.

[2] *Id.* at 2-8.

[3] Docket no. 70, filed Dec. 2, 2022.

[4] 18 U.S.C. § 3583(e)(2).

He is making a constitutional challenge to the imposition of supervised release, arguing that supervised release constitutes a violation of the Fifth Amendment's Double Jeopardy Clause.[5]

The Tenth Circuit Court of Appeals "has yet to squarely rule on the proper scope of a § 3583(e)(2) motion in a precedential opinion."[6] However, in an unpublished opinion, the Tenth Circuit cited favorably to the Second Circuit Court of Appeals' holding that a defendant may not challenge the legality or constitutionality of supervised release conditions through § 3583(e).[7] The Fifth, Sixth, Ninth, and Eleventh Circuit Courts of Appeals have also held that the legality or constitutionality of supervised release conditions may only be challenged on direct appeal, as a collateral attack under 28 U.S.C. § 2255, or under Fed. R. Crim. P. 35(a).[8]

The Third Circuit Court of Appeals has similarly held that "[a]lthough § 3583(e) cannot be used as a backdoor to challenge the legality of a condition of release, it may be used to challenge the arbitrary or unfair application of a condition of release by the probation office."[9] And the Fourth Circuit Court of Appeal has held that a defendant may proceed under § 3583(e)(2) for challenges based on "new, unforeseen, or changed legal or factual circumstances, including those that go to the legality of a sentence."[10] But challenges that "rest[] on factual and legal premises that existed at the time of [the defendant's] sentencing" are "impermissible" under § 3583(e)(2).[11]

---

[5] Motion at 2-8.

[6] *United States v. Nielsen*, 2022 WL 3226309, *5 n.6 (10th Cir. Aug. 10, 2022).

[7] *United States v. Grigsby*, 737 Fed. App'x 375, 378 n.5 (10th Cir. 2018) (citing *United States v. Lussier*, 104 F.3d 32, 35 (2d Cir. 1997)).

[8] *United States v. Hatten*, 167 F.3d 884, 886 (5th Cir. 1999); *United States v. Gross*, 307 F.3d 1043, 1044 (9th Cir. 2002); *United States v. McClamma*, 676 Fed. App'x 944, 948 (11th Cir. 2017); *United States v. Faber*, 950 F.3d 356, 358-359 (6th Cir. 2020).

[9] *United States v. Robert*, 229 Fed. App'x 172, 178 (3d Cir. 2007).

[10] *United States v. McLeod*, 972 F.3d 637, 644 (4th Cir. 2020).

[11] *Id.*

Only the Seventh Circuit Court of Appeals has held that "§ 3583(e)(2) is better interpreted to allow a defendant to bring substantive challenges to the current legality of conditions of supervised release."[12] But even then, the Seventh Circuit "agree[d] with the core reasoning . . . that § 3583(e)(2) should not be used [as a collateral challenge], which would evade the detailed statutory scheme for orderly and timely appellate review of sentences[.]"[13]

The majority approach to the scope of permissible challenges under § 3583(e)(2) is persuasive. A term of supervised release is "part of [a criminal defendant's] sentence."[14] And the legality or constitutionality of a federal sentence may only be challenged on direct appeal, as a collateral attack under 28 U.S.C. § 2255, or under Fed. R. Crim. P. 35(a).[15] Thus, jurisdiction is lacking over a challenge to the legality or constitutionality of supervised release brought under § 3583(e)(2).[16]

To avoid this result, Defendant's attempts to characterize his Motion as an as-applied challenge to the conditions of his supervised release.[17] But Defendant presents no facts or argument specific to his case that would support the Motion as being an as-applied challenge to his supervised release conditions. And the legal authority Defendant cites[18] does not support the

---

[12] *United States v. Neal*, 810 F.3d 512, 518 (7th Cir. 2016).

[13] *Id*. at 517.

[14] 18 U.S.C. § 3583(a).

[15] *Hatten*, 167 F.3d at 886; *Gross*, 307 F.3d at 1044; *McClamma*, 676 Fed. App'x at 948; *Grigsby*, 737 Fed. App'x at 378 n.5 (citing *Lussier*, 104 F.3d at 35); *Faber*, 950 F.3d at 358-359.

[16] *Grigsby*, 737 Fed. App'x at 378 n.5 (citing *Lussier*, 104 F.3d at 35); *United States v. James*, 728 Fed. App'x 818, 822 (10th Cir. 2018) ("After entry of final judgment, a district court has jurisdiction only to the extent permitted by statute or rule.").

[17] Motion at 2-8; Defendant's/Movant's Response in Opposition of United States' Response ("Reply") at 1-6, docket no. 75, filed Jan. 23, 2023.

[18] *United States v. Begay*, 631 F.3d 1168 (10th Cir. 2011); *United States v. Davies*, 380 F.3d 329 (8th Cir. 2004).

proposition that the legality or constitutionality of supervised release conditions may be challenged under § 3583(e)(2).[19]

Because § 3583(e)(2) is an improper procedural vehicle for Defendant's challenge to the constitutionality of imposing supervised release, jurisdiction over his Motion is lacking. Therefore, Defendant's Motion[20] is DENIED without prejudice.

## ORDER

IT IS HEREBY ORDERED that Defendant's Motion[21] is DENIED without prejudice.

Signed May 31, 2023.

BY THE COURT

David Nuffer
United States District Judge

---

[19] *United States v. Engelmeyer*, Nos. CR-14-116-F, CIV-22-955-F, 2022 WL 17184579, *1 (W.D. Okla. Nov. 23, 2022).

[20] Docket no. 70, filed Dec. 2, 2022.

[21] Docket no. 70, filed Dec. 2, 2022.